IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## EASTERN DIVISION.

---

## KNOXVILLE, SEPTEMBER TERM, 1900.

---

TURNER *v.* LUMBER Co.

(*Knoxville.* October 20, 1900.)

1. CORPORATIONS. *Authority to execute mortgage sufficient, when.*

Authority for the execution of a mortgage by a manufacturing corporation, to secure a loan of $1,000, sufficiently appears from a recital in the mortgage itself of the substance of the action taken by the stockholders and directors in these words, to wit: " Whereas, at a meeting of the stockholders and directors of said company, held in Kingston, Tenn., on April 5, 1892, a resolution was passed to borrow $1,000 to operate said mill, which Mary L. Byrd agreed to loan upon six months' time, as here secured, which loan was accepted, and said money advanced." (*Post, pp. 3, 4.*)

22 P—1

Turner *v.* Lumber Co.

2. SAME.   *Mortgage of, valid without seal.*

The impression of a corporate seal upon a mortgage or other instrument made by a domestic corporation, chartered and organized under the general incorporation Act of 1875, is not essential to its validity when the corporation has no common seal, and, in the absence of proof to the contrary, the Court presumes that the company had no common seal.  (*Post, pp. 4, 5.*)

Act construed: Acts 1875, Chapter 142.

Code construed: § 2054 (S.); § 1704 (M. & V.).

Case cited: Garrett *v.* Belmont Land Co., 94 Tenn., 473.

3. SAME.   *Mortgage sufficiently signed by company.*

The mortgage of a corporation which commences, "We, the Kingston Lumber & Mfg. Co., has this day bargained and sold and do hereby transfer and convey," etc., and is signed, " Mary L. Byrd, President of the Kingston Lumber & Mfg. Co.," is sufficiently signed by the corporation to bind it. (*Post, pp. 5, 6.*)

Code construed: § 3679 (S.); § 2819 (M. & V.); § 2012 (T. & S.).

Case overruled: Garrett *v.* Belmont Land Co., 94 Tenn., 473.

---

FROM   ROANE.

---

Appeal from Chancery Court of Roane County. GEO. W. HENDERSON, Sp. Ch.

WASHBURN, PICKLE & TURNER and C. T. CATES, JR., for Turner.

R. M. JONES and GEO. L. BURKE for Lumber Co.

WILKES, J. The bill in this case is a general creditor's bill, filed to wind up the defendant com-

pany as an insolvent domestic corporation. It was sustained as a general creditors' bill, and such steps were taken as that the property of the corporation was sold under the orders of the Court, and the proceeds are in the hands of a receiver or trustee, to be distributed as the Court may direct. Childress, Martin and DeArmond are creditors who had executions levied on certain personal property, consisting of machinery belonging to the corporation before the bill in this case was filed. The case comes to this Court upon the appeal of these three creditors, and the only question made by them is as to the validity and priority of a mortgage or trust deed on the property to secure a debt of $1,000 to Mrs. Mary L. Byrd, executed before they made their levies.

The proceeds of sale will all be consumed in the satisfaction of this mortgage debt to Mrs. Byrd under the decree of the Chancellor and Court of Chancery Appeals.

The error assigned in this Court is this: It is said that the trust deed does not show that it was executed by the authority of the stockholders and directors of the corporation. The recital in the trust deed is as follows:

"Whereas, at a meeting of the stockholders and directors of said company held in Kingston, Tenn., on April 5, 1892, a resolution was passed to borrow $1,000 to operate said mill, which Mary L. Byrd agreed to loan upon six months' time, as

here secured, which loan was accepted and said money advanced, etc."

It will be seen that this recital does not purport to be a copy from the minutes, but only to give the substance and effect of the entry.

It does state that Mrs. Byrd agreed to loan the money as here secured, which loan was accepted and said money advanced. This, we think, is a sufficient recital to show that the action of the meeting and the minute entry authorized the borrowing of the money, and the execution of a trust deed such as was then being prepared and executed.

It is objected, however, that the deed of trust, even if authorized, was not properly executed, signed, sealed and acknowledged.

The corporation is created and organized under the Acts of 1875 and subsequent amendments as a domestic corporation. It nowhere appears that it has ever adopted or used a corporate seal. In the absence of such fact, it is not necessary that the instrument should appear to have a seal impressed upon it.

Shannon, § 2054 provides that a corporation organized under the Act of 1875 may have and use a common seal, which it may alter at pleasure. If it have no common seal, then the signature of the name of the corporation by any duly authorized officer shall be legal and binding.

In the absence of a seal attached to such an

instrument, when executed by a corporation created under this Act, the Court will presume that the corporation had no seal, and its impression upon the instrument is not necessary to the validity of the instrument, as would be the case with other corporations not organized under that Act. *Garrett v. Belmont Land Co.,* 10 Pickle, 459.

But it is said that it does not purport to be executed by the corporation nor any one for it, and is signed Mary L. Byrd, president of the Kingston Lumber & · Mfg. Co. It is insisted that, so signed, it is the act and deed of Mary L. Byrd, and not of the corporation, and the words, "President of the Kingston Lumber & Mfg. Co.," are merely words of description.

Authority for this contention is found in the case of *Garrett* v. *Belmont Land Co.,* 10 Pickle, 473. In that case the deed was signed in the same manner as the deed of trust in this case, that is, "James McLaughlin, President of Second National Bank."

It was held in that case that the deed was not properly signed, and the Court referred to and commented upon § 2819 of Milliken & Vertrees' compilation in support of the holding. But the attention of the Court and counsel in that case was not called to the fact that this section 2819 of Milliken & Vertrees' compilation was inaccurately brought forward from the Code of 1858 and the Act of 1841-2, where it originated. In

Shannon's compilation, § 3679, the Act is properly brought forward from the Code, and the defect in § 2819 of Milliken & Vertrees is corrected, and the section correctly reads:

"Instruments in relation to real or personal property executed by an agent or attorney, may be signed by such agent or attorney for his principal or by writing the name of the principal by him as agent or attorney, or by simply writing his own name or his principal's name, if the instrument on its face shows the character in which it is intended to be executed." Milliken & Ventrees' compilation, § 2819, omitted the words, "his own name."

Now, tested by this statute, we find that this instrument on its face does show the character in which it is intended to be executed.

The deed says: "We, the Kingston Lumber & Mfg. Co., has this day bargained and sold, and do hereby transfer and convey," etc. It purports, as before stated, to be made in pursuance of authority from the company, and, again, the surplus after satisfying the secured debt is to be paid to the company. The certificate, while informal, is sufficient, we think, to show the character in which the deed of trust was executed and acknowledged.

This disposes of the only assignment of error made in this Court, and it results that the decree of the Court of Chancery Appeals must be affirmed.